UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER GEORGIOU, *on behalf of himself and all others similarly situated*,

Plaintiff,

-v-

EISEN, INC.,

Defendant.

26 Civ. 5468 (JPC)

JOSHUA RANDOLPH, *on behalf of himself and all others similarly situated*,

Plaintiff,

-v-

EISEN, INC.,

Defendant.

26 Civ. 5555 (JPC)

OPINION AND ORDER

JOHN P. CRONAN, United States District Judge:

Plaintiffs Christopher Georgiou and Joshua Randolph have filed two related putative class actions against Defendant Eisen, Inc. arising from Defendant's alleged data breach of personally identifiable information ("PII"). Plaintiffs have since moved to consolidate these related actions under Federal Rule of Civil Procedure 42(a) and appoint their lawyers as interim co-lead class counsel under Rule 23(g)(3). For the reasons that follow, the Court grants the motion.

## I. Background

The two related actions are *Georgiou v. Eisen, Inc.* ("*Georgiou*"), No. 26 Civ. 5468 (JPC) (S.D.N.Y.), and *Randolph v. Eisen, Inc.* ("*Randolph*"), No. 26 Civ. 5555 (JPC) (S.D.N.Y.).

Although there are minor differences in the pleadings, the complaints in both actions allege the same basic facts. Plaintiffs allege that on December 12, 2025, one of Defendant's employees was duped into giving an impersonator of the California State Controller's Office access to their PII—an incident that Plaintiffs call the "Data Breach"—and that while Defendant promptly investigated the Data Breach, it waited until June 24, 2026 to alert the public of the incident. *Georgiou*, Dkt. 1 ("*Georgiou* Complaint") ¶¶ 1-3, 28; *Randolph*, Dkt. 1 ("*Randolph* Complaint") ¶¶ 3-5, 26-28. According to Plaintiffs, the Data Breach harmed them and potential class members by, among other things, invading their privacy, diminishing the value of their PII, risking future injuries like identity theft, and costing them time and money to minimize those risks. *Georgiou* Complaint ¶¶ 10, 84, 233; *Randolph* Complaint ¶¶ 6, 10, 93-97, 106. Both complaints assert claims for negligence, negligence *per se*, unjust enrichment, invasion of privacy, and a declaratory judgment; the *Georgiou* Complaint also brings claims for breach of fiduciary duty and breach of implied contract, while the *Randolph* Complaint raises a claim for breach of a third-party beneficiary contract. *Compare Georgiou* Complaint ¶¶ 149-242, *with Randolph* Complaint ¶¶ 131-200. And the complaints seek similar relief for damages and an injunction. *Compare Georgiou* Complaint at 51-54 (prayer for relief), *with Randolph* Complaint at 48-49 (same).

Georgiou initiated his action on June 28, 2026. *See Georgiou*, Dkt. 1. Randolph brought his action two days later, on June 30, 2026. *See Randolph*, Dkt. 1. Randolph's case was initially assigned to the Honorable Jennifer L. Rochon, but after it was deemed related to Georgiou's, it was reassigned to the undersigned on July 6, 2026. Before the Court is a joint motion from Georgiou and Randolph, filed on July 2, 2026, to consolidate the two actions under Federal Rule of Civil Procedure 42(a) and to appoint Daniel Srourian of Srourian Law Firm, P.C., Jason M. Wucetich of Wucetich & Korovilas LLP, and Alyssa Tolentino of Siri & Glimstad LLP as interim

co-lead class counsel under Rule 23(g)(3). Dkt. 5 ("Motion").[1]

## II. Legal Standard

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Courts have "'broad discretion' to determine whether to consolidate actions." *Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20 Civ. 3515 (PAE), 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial." *Johnson*, 899 F.2d at 1285.

Federal Rule of Civil Procedure 23(g)(3) allows a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointing "interim lead counsel 'clarifies responsibility for protecting the interests of the class during precertification activities.'" *Breakwater Trading*, 2020 WL 5992344, at *2 (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)). When appointing interim class counsel, "courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)). These factors are:

(i) the work counsel has done in identifying or investigating potential claims in the action;

[1] Ms. Tolentino has appeared as counsel of record for Randolph in his case. Georgiou's counsel of record in his case is Rachel Dapeer of Dapeer Law, P.A. Mr. Srourian and Mr. Wucetich have not appeared in either *Georgiou* or *Randolph*. Mr. Srourian, however, signed the *Georgiou* Complaint, along with Ms. Dapeer. *Georgiou* Complaint at 54. And Mr. Wucetich signed the *Randolph* Complaint, along with Ms. Tolentino. *Randolph* Complaint at 49. Both Mr. Srourian and Mr. Wucetich also signed the motion to consolidate and appoint interim class counsel, along with Ms. Tolentino and Ms. Dapeer. Motion at 17-18.

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see In re Bank of Am. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.* ("*Bank of Am. Sec.*"), 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (explaining that such additional matters "include (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel" (citation modified)).

**III. Discussion**

Consolidation is appropriate because both actions involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a). The complaints in *Georgiou* and *Randolph* both allege that Defendant breached duties that it owed Plaintiffs and putative class members by failing to protect their PII with adequate safeguards and by delaying notice of the Data Breach after discovering and investigating it. *See Georgiou* Complaint ¶¶ 2-11; *Randolph* Complaint ¶¶ 1-16. Both complaints also allege five of the same causes of action and seek largely the same relief. *Georgiou* Complaint ¶¶ 149-242, at 51-54; *Randolph* Complaint ¶¶ 131-200, at 48-49; *cf. Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."). Under these circumstances, consolidation will promote judicial convenience and economy, while also avoiding unnecessary costs to the parties. *See Bank of Am. Sec.*, 258 F.R.D. at 268. The Court therefore grants Plaintiffs' motion to consolidate these actions pursuant to Rule

42(a). *See* Motion at 4-6.

Appointing Mr. Srourian, Mr. Wucetich, and Ms. Tolentino as interim co-lead counsel is appropriate as well. Courts generally appoint interim class counsel when "there are multiple, overlapping class actions that require extensive pretrial coordination" and that may be—or have been—consolidated. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011); *see Sullivan v. Barclays PLC*, No. 13 Civ. 2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (collecting cases). Each lawyer satisfies the requirements for interim appointment. Starting with their work on this case, the detailed complaints signed by Mr. Srourian, Mr. Wucetich, and Ms. Tolentino reflect that all three attorneys have conducted a thorough investigation into the alleged Data Breach and its effects on Plaintiffs and class members. *See* Motion at 7-8; *see generally Georgiou* Complaint; *Randolph* Complaint. Each attorney also has experience in data privacy litigation, class actions, and complex litigation;[2] Messrs. Srourian and Wucetich, in particular, have served as lead counsel in multiple data privacy class actions. *See* Motion at 10-12. Mr. Srourian's, Mr. Wucetich's, and Ms.

[2] Plaintiffs represent that Mr. Srourian serves or has served as counsel of record in approximately 300 class action data breach cases. Motion at 10. Srourian Law Firm, P.C.'s profile reports that Mr. Srourian "began the firm in 2013 exclusively litigating class actions on behalf of employees and consumers across the country, having recovered over $25 million as lead counsel on over 100 class action lawsuits to date." Motion, Exh. A at 1.

According to Plaintiffs, Mr. Wucetich is a founding partner of Wucetich & Korovilas LLP, where his practice focuses on complex civil litigation, particularly plaintiff-side consumer and employment class actions. Motion at 11; Motion, Exh. B at 1. The law firm's profile similarly notes that Mr. Wucetich "has extensive experience in general business and complex commercial litigation in the areas of consumer class action [and] data breach." Motion, Exh. B at 4. Moreover, since the firm's founding in 2010, it "has secured over $200 million worth of relief on behalf of clients in cases ranging from individual employment disputes to nationwide data privacy and employment class actions." *Id.* at 1.

Plaintiffs represent that Ms. Tolentino's law firm, Siri & Glimstad LLP, is a national firm which regularly serves as court-appointed class counsel in a variety of cases. Motion at 12. And according to that firm's profile, Ms. Tolentino "represents consumers in class actions involving data privacy issues." Motion, Exh. C at 9.

Tolentino's preparation of detailed complaints in *Georgiou* and *Randolph*, combined with their experience in data privacy litigation, further indicate strong knowledge of the applicable law. All three lawyers also represent that they and their respective firms "possess the necessary resources to prosecute this litigation, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently." *Id.* at 7. The Court, at this moment, has no reason to doubt that representation. Accordingly, the Court appoints Mr. Srourian, Mr. Wucetich, and Ms. Tolentino interim co-lead counsel pursuant to Rule 23(g)(3).[3]

## IV. Conclusion

For the above reasons, the Court grants Plaintiffs' motion to consolidate *Georgiou v. Eisen, Inc.*, No. 26 Civ. 5468 (JPC) (S.D.N.Y.), and *Randolph v. Eisen, Inc.*, No. 26 Civ. 5555 (JPC) (S.D.N.Y.). Future filings in *Georgiou* and *Randolph* shall be filed and docketed only under Case Number 26 Civ. 5468 (JPC); as Plaintiffs request, *see* Motion at 2, the Clerk of Court is respectfully directed to stay *Randolph*, No. 26 Civ. 5555 (JPC). The Clerk of Court is also respectfully directed to change the caption of Case Number 26 Civ. 5468 (JPC) to "*In re Eisen, Inc. Data Breach Litigation*."

The Court further grants Plaintiffs' motion to appoint Daniel Srourian of Srourian Law Firm, P.C., Jason M. Wucetich of Wucetich & Korovilas LLP, and Alyssa Tolentino of Siri & Glimstad LLP as interim co-lead counsel. Finally, Plaintiffs shall file a consolidated class action complaint within thirty days of this Opinion and Order. *See* Motion at 2.

[3] The Court also finds that, given the likelihood that complicated issues will need to be litigated in this consolidated case, as well as the potential for a sizable number of class members, appointment of three attorneys as interim lead co-counsel is appropriate. *Cf. In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB), 2011 WL 5007957, at *3 (S.D.N.Y. Oct. 18, 2011) (noting that while "the functions of lead counsel may be divided among several attorneys, the number should not be so large as to defeat the purpose of making such appointments" (citation modified)).

The Clerk of Court is respectfully directed to close Docket Number 5 in *Georgiou*, No. 26 Civ. 5468 (JPC).

SO ORDERED.

Dated: July 13, 2026
New York, New York

JOHN P. CRONAN
United States District Judge